United States District Court
Central District of California

UNITED STATES OF AMERICA vs.           SA CR __97-42-3-AHS__
Defendant __PATRICK PRENDERGAST__     Social Security # __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__
Residence __Metropolitan Detention Center__     Mailing Address __2810 Warner Avenue__
          __535 N. Alameda Street__                __Irvine, CA 92606__
          __Los Angeles, CA 90012__

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on: __8-17-98__

COUNSEL:
     ____ WITHOUT COUNSEL
However, the court advised defendant of right to counsel and asked if defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.
     __X__ WITH COUNSEL: __Kenneth M. Miller, appointed__

PLEA:
     ____ GUILTY, and the Court being satisfied that there is a factual basis for the plea.
     ____ NOLO CONTENDERE      ____ NOT GUILTY

FINDING:
There being a verdict of __X__ GUILTY on 12-4-97, defendant has been convicted as charged of the offense(s) of:
18 USC 371: Conspiracy to Possess Counterfeit Obligations (Count 1 First Superseding Indictment) Class D. Felony; 18 USC 513(a), 2(a): Possession of Counterfeit Corporate Obligations (Counts 2 - 4 First Superseding Indictment), Class C Felonies

JUDGMENT AND PROBATION/COMMITMENT ORDER:
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

forty-two (42) months on each of Counts 1 through 4 of the Indictment, to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years on each of Counts 1 through 4 of the Indictment, to be served concurrently, under the following terms and conditions: (1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; (2) The defendant shall reside at and participate in a residential drug treatment program approved by the U.S. Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, until discharged; (3) If the amount of mandatory assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay such remainder as directed by the Probation Officer; (4) The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments; (5) The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer; and (6) The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

Pursuant to Section 5E1.2(f) of the Guidelines, all fines are waived, including the costs of imprisonment and supervision, as it is found that the defendant does not have the ability to pay.

IT IS FURTHER ORDERED that the defendant shall pay to the United States forthwith a special assessment of $400.00.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

____ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: District Judge _/s/ Alicemarie H. Stotler_
                       ALICEMARIE H. STOTLER

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                Sherri R. Carter, Clerk

Dated/Filed __8-21-98__                    By _/s/ Susan R. Sedei_
       Month / Day / Year                         Susan R. Sedei, Deputy Clerk

[Filed stamp: AUG 26 1998, CLERK, U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA OFFICE, DEPUTY]

Defendant: Patrick Prendergast  
Case Number: 97-42

Judgment--Page _____ of _____

## STATEMENT OF REASONS

__x__ The court adopts the factual findings and guideline application in the presentence report.

OR

____ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____ 14

Criminal History Category: _____ VI

Imprisonment Range: __37-46__ months

Supervised Release Range: __2-3__ years

Fine Range: $ __6K__ to $ __250K__

    __x__ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____ n/a

    __ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    __ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    __ Partial restitution is ordered for the following reason(s):

__x__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

____ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

    ____ upon motion of the government, as a result of defendant's substantial assistance.

    ____ for the following reason(s):

The Tentative Ruling distributed to the parties at the time of sentencing is attached.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE ALICEMARIE H. STOTLER, JUDGE, PRESIDING

TENTATIVE RULING ON LAW & MOTION MATTERS

August 17, 1998   Calendar No. 5

CASE:   <u>United States v. Patrick Prendergast</u>,
        SA CR 97-42 AHS

MOTION PENDING: Defendant's Third Motion to Dismiss for Outrageous Government Conduct

---

Defendant's motion is DENIED. There is no competent nor credible evidence that the Secret Service agents knowingly deprived defendant of his psychotropic medicine at the time of his arrest (May 15, 1997).

As to the tape 10 issue, defendant's second example of outrageous government conduct, the Court has already considered the contention regarding the transcription error and denied defendant's earlier motion on this point. Opp., Ex. D (Court's 10-14-97 Minute Order). No reconsideration is warranted.

Next, defendant's contention regarding the Cramer phone records lacks merit. There is no basis for defendant's contention that the government possessed and failed to disclose such phone records, records which the defendant received through subpoena of the phone company in any event. There is no evidence to support defendant's contention that the government withheld exculpatory material.

Finally, defendant's assertion that Cramer perjured himself on October 10, 1997 lacks merit. In response to the question whether any calls with defendant were not taped, Cramer replied: "I don't believe so, no sir." Motion, Ex. D at 49:1-3. That ultimately one call was discovered which was not taped does not establish that Cramer's testimony was willfully false. There is no evidence that a conversation with defendant ever occurred. And, in any event, Cramer only stated he did <u>not believe</u> any other untaped calls existed. Defendant's contention lacks basis.

Defendant's downward departure arguments are considered in conjunction with the sentencing.

g:\docs\ahscommo\2pra\mo\prendergast-outrageous-mtn-no3-tr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE ALICEMARIE H. STOTLER, JUDGE, PRESIDING


TENTATIVE RULING ON SENTENCING

August 17, 1998     Calendar No. 5

CASE:  **United States of America v. Patrick Prendergast,**
       SA CR 97-42 AHS

PROCEEDING:  Sentencing Under Guidelines After Verdict

---

1. **Procedural Background.** On December 4, 1997, the Jury returned a verdict finding defendant guilty of Counts One, Two, Three and Four of the Indictment. On January 23, 1998, the Probation Office disclosed the Presentence Investigation Report ("PSR"). Defendant filed his position on February 6, 1998; the government filed its position on February 18, 1998; and defendant filed a reply position on February 24, 1998. The Probation Office provided an Addendum to the PSR on February 26, 1998. Defendant had 35 days to review the PSR, as required by Federal Rule of Criminal Procedure 32(b)(6)(A).

2. **Objections to the PSR & Sentencing-Related Motions.**

Defendant asserts several objections to the PSR: (1) the PSR's loss calculation is erroneous; (2) defendant should be awarded a downward adjustment for acceptance of responsibility; (3) the combination of diminished capacity, coercion, imperfect entrapment, voluntary disclosure, minor role, and defendant's personal circumstances constitute a unique circumstance warranting a downward adjustment. As well as objecting to all of defendant's arguments, the government moves for a two point enhancement for obstruction of justice under § 3C1.1. All are considered in turn.

**a. Amount of Loss**

As to amount of loss, defendant contends that the actual loss was between $13,000 and $214,000, and that use of an "intended loss" amount of $1,145,000 based on checks discovered in Mexico ("Mexico checks") is erroneous. Defendant thus contends that his involvement with the Mexico checks was at best limited; defendant went to Mexico as an interpreter for Brian

Joseph ("Joseph") and never had any knowledge or contact with the Mexico checks. The government contends defendant went with Joseph to Mexico to act as a partner and interpreter in the Mexico check deal and that defendant later told Robert Wann that he located a "big container" of checks in Mexico, the Mexico checks.

Under § 2F1.1(b)(1), intended loss can be used instead of actual loss if: (1) the amount can be determined; and (2) it is greater than the actual loss. § 2F1.1, Commentary Note 7. Both factors are met in this case, and the Court finds that defendant had sufficient contact with the Mexico checks transaction to have the intended loss from that transaction imputed to him. Defendant's objection, thus, is overruled.

Defendant next contends that if the Mexico checks are used, his offense level must be reduced three levels under § 2X1.1, note 4 and § 2F1.1, note 9 since the Mexico checks were never uttered (a substantive requirement of the crime charged) and therefore are part of a partially completed offense. The government disagrees with defendant's Guidelines construct, citing United States v. Koenig, 952 F.2d 267 (9th Cir. 1992).

Note 9 to § 2F1.1 requires the Court to determine the offense level in accordance with § 2X1.1 if the offenses is "partially completed (e.g., an offense, involving a completed fraud that is part of a larger, attempted fraud)." Note 4 to § 2X1.1 requires that in such cases where not all the acts necessary for the completion of the entire intended offense have occurred, the offense level must be reduced by three points. Note 4 gives the specific example of an intended theft of $800,000 where the defendant commits only the necessary acts of the substantive crime (theft) to steal $30,000; the offense level is based on the intended $800,000 minus three levels.

The government's argument against this construction is based on Koenig. Koenig, however, is inapposite, and the Koenig court itself recognized that its interpretation of the interplay between § 2F1.1 and § 2X1.1 was in conflict with then-recent (and now controlling) amendments to the Guidelines. Id. at 273.

Because the Mexico checks were never uttered, the Mexico check deal, although part of a larger, completed crime (the crime defendant was convicted of), was itself inchoate. Thus, section 2F1.1's intended loss calculation is based on both a completed and a partially completed crime with respect to the amounts at issue. The Court therefore looks to 2X1.1 and under Note 4 reduces defendant's offense level by three points. The Court therefore sustains the defendant's objection in this respect.

2

### b. Acceptance of Responsibility

For the reasons stated in the PSR, the government's opposition papers, and based on the Court's knowledge of the facts from defendant's trial, defendant's request for a downward adjustment for acceptance of responsibility is denied.

### c. Unique Factors

Next, the Court denies defendant's motion for a downward departure based on his several alleged unique factors under § 5K2.0 and 18 U.S.C. 3553(b). The asserted bases for a departure do not place this case outside the heartland.

First, no evidence is before the Court that defendant does definitively suffer from his asserted psychological maladies, and even assuming him to so suffer, there is no evidence that he committed the instant offense as a result of such a reduced mental capacity. Section 5K2.13, thus, offers no help to defendant.

Second, the coercion issue has been thoroughly briefed by defendant in pre-trial motions and was again considered at trial in the context of a jury instruction on duress, and each time the Court denied defendant's attempt to couch the case in terms of duress and coercion. For the same reasons, reliance on coercion for a downward adjustment under § 5K2.12 at this juncture lacks merit.

Third, defendant's argument of imperfect entrapment fails. Defendant's indicia of entrapment hardly constitute "aggressive encouragement" of wrongdoing that defendant's own authority requires. See United States v. McClelland, 72 F.3d 717, 724-26 (9th Cir. 1995). And, having considered the evidence at trial, the Court declines to make a factual finding that the government imperfectly, or otherwise, entrapped or encouraged defendant to a sufficient level to justify a departure.

Fourth, defendant's argument for a downward adjustment based on voluntary disclosure under § 5K2.16 lacks merit. Section 5K2.16 requires disclosure of, and acceptance of responsibility for, an offense. Defendant seeks a downward adjustment for his detailed story about other alleged crimes of Robert Wann, crimes that did not involve defendant and for which defendant did not confess to. Defendant cannot bootstrap what was no doubt helpful information into a § 5K2.16 scenario when the offense at issue (the subject of his "confession") did not involve him.

Fifth, defendant's assertion that he was a minor player and is therefore entitled to an adjustment is granted. Defendant was a minor player in the Mexico checks transaction

3

that never ultimately materialized and which transaction constitutes a larger part of the intended loss calculation.

Sixth, defendant's motion for a downward departure based on his personal circumstances is denied. That he was trying to "clean-up" and had a full-time job does not place him outside the heartland of cases.

#### d. Obstruction of Justice

Finally, the Court denies the government's motion for a sentencing enhancement for obstruction of justice under § 3C1.1 based on defendant's alleged threats and coercion of Charlotte Deakin. The Court finds the evidence insufficient to justify a finding that defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice . . ." U.S.S.G. § 3C1.1. Defendant's letters to Deakin, Opposition, Exhs. A, B, C and D, do not justify a factual finding that defendant threatened Deakin to testify favorably and <u>falsely</u> for defendant or else suffer potential consequences. The Court agrees with the PSR. PSR ¶ 102.

3. The applicable guidelines are:

Total Offense Level: __14__;

Criminal History Category: __VI__;

__37__ to __46__ months imprisonment;

__2__ to __3__ years supervised release, pursuant to § 5D1.2;

__$6,000__ to __$250,000__ fine, pursuant to § 5E1.2 of the Guidelines.

4. In light of the Probation Office's determination that defendant does not have the present ability to pay a fine, the Court waives payment of the fine pursuant to § 5E1.2(f) of the Guidelines. Restitution is not an issue in this case.

5. Defendant is ordered to pay a $400.00 special assessment to the United States, pursuant to 18 U.S.C. § 3013(a).

6. Defendant is hereby advised that an appeal of the Court's sentence pronounced this day may be taken. For an appeal to be effective, defendant must file a Notice of Appeal with the Clerk of this Court not later than ten days from today's date. Failure to file a Notice of Appeal will result in there being no appellate review of the Court's sentence.

Defendant is hereby advised that if defendant is

4

unable to hire counsel for representation on appeal, defendant may apply to the Court for appointment of counsel by submitting a financial affidavit to show that defendant is eligible for Court-appointed counsel to represent defendant on appeal.

g:\docs\ahscommo\pra\sent\prendergast-tr

5